IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00232-CV

 

DONALD
LE CLAIR,

                                                                      Appellant

 v.

 

Arthur Wood,

                                                                      Appellee

 

 

 



From the 258th District Court

Polk County, Texas

Trial Court # 21040

 



MEMORANDUM 
Opinion



 








Introduction

          Appellant
Donald Le Clair, an inmate in the Texas Department of Criminal Justice (TDCJ),
at the Polunsky Unit in Livingston,
 Texas, filed a pro se suit in forma pauperis against Appellee
Arthur Wood in state district court.  Le
Clair alleged that Wood, who at the time was a TDCJ extortion investigator at
the Polunsky Unit, wrongfully confiscated Le Clair’s typewriter and typewriter
accessories.  Le Clair sued Wood under
the Texas Theft Liability Act, Chapter 134 of the Texas Civil Practice and
Remedies Code, asserting damages in the amount of $314.05, the alleged value of
the confiscated property.

          Initially,
the trial court dismissed the suit, but when Le Clair filed a motion for
reconsideration that pointed out that his suit met the procedural requirements
of Chapter 14 of the Texas Civil Practice and Remedies Code governing inmate
litigation, the trial court granted his motion and reinstated the suit.

          Wood
then filed a “Plea to the Jurisdiction and Motion to Dismiss Pursuant to
Chapter Fourteen.”  The trial court
dismissed the suit as frivolous under Chapter 14.  This appeal followed.

          In
his first two issues, Le Clair complains that the trial court abused its
discretion in dismissing his case, and his third issue complains of fundamental
error in the State’s providing legal representation to Wood.

Background

          Le
Clair’s complaint (petition) and brief indicate that, after a disciplinary
hearing for allegedly violating TDCJ rules by (1) trafficking and trading, (2) operating
an unlawful business within TDCJ, and (3) possession of three bags of
commissary coffee, Le Clair was punished with 

·       
reduction
in class

·       
240-days’
loss of earned good time (modified to 180 days)

·       
45-days’
recreation restriction

·       
45-days’
commissary restriction, and 

·       
45 hours of
extra duty (modified to 42 hours).

According to Le Clair, the disciplinary
proceeding was investigated by Wood after a mailroom censor alerted prison
authorities to a letter addressed to another inmate that contained a $200 money
order payable to Le Clair.  Wood impounded
Le Clair’s inmate trust account and investigated Le Clair.

          After
the disciplinary hearing, Le Clair returned to his minimum security cell, and
about an hour after the disciplinary hearing, Wood showed up, confiscated Le
Clair’s typewriter and typewriter accessories, and gave Le Clair a confiscation
receipt.  The next day, Wood told Le
Clair that he had just finished talking to “Step 2” people and that they
authorized the typewriter and accessory confiscation.  In his brief, Le Clair alleges that Wood took
his typewriter and accessories and also forfeited Le Clair’s $525 trust account
in retaliation for Le Clair’s filing of grievances against Wood.  Le Clair did not plead a claim relating to
the alleged trust account forfeiture.

          Le
Clair completed Steps 1 and 2 of the TDCJ grievance procedure.  The Step 1 grievance response stated that Le
Clair’s property had been confiscated for unauthorized usage and that Le Clair
needed to contact the property officer to see how much postage it would take to
have the property mailed and that the property would be destroyed if the
postage was not received within sixty days. 
The Step 2 grievance response stated that it was well documented that Le
Clair had used his typewriter in the commission of several rules violations and
that the confiscation was appropriate.

Le Clair then filed this suit against Wood under
the Texas Theft Liability Act, Chapter 134 of the Texas Civil Practice and
Remedies Code, asserting damages in the amount of $314.05, the value of the
confiscated property.  The gist of his
claim is that the typewriter and typewriter accessories confiscation was
wrongful because the confiscation was not one of the punishments assessed at
the disciplinary hearing and that Wood wrongfully acted on his own and without
authority in confiscating the property.

Jurisdiction

Wood filed a plea to the jurisdiction in the
trial court with this motion to dismiss, asserting that the trial court lacked
subject matter jurisdiction because Le Clair pled damages of only $314.05.  Rather than addressing Wood’s jurisdictional
plea, the trial court dismissed his claim as frivolous under Chapter 14.

Subject matter jurisdiction is essential for a
court to have authority to decide a case. 
Texas
Ass’n Bus. v. Texas Air Control Bd., 852
S.W.2d 440, 443-44 (Tex.
1993).  Subject matter jurisdiction is
never presumed, and it cannot be waived. 
Id. at 443.  An appellate court may address sua sponte the issue of subject matter
jurisdiction.  Id.
at 445-46.  Because subject matter jurisdiction
is a question of law, our review is de
novo.  See Mayhew v. Sunnyvale, 964 S.W.2d
922, 928 (Tex.
1998).

The amount in controversy is determined by the
plaintiff’s petition.  Picon Transp., Inc. v. Pomerantz, 814
S.W.2d 489, 490 (Tex. App.—Dallas 1991, writ denied) (citing Richardson v. First Nat’l Life Ins. Co., 419
S.W.2d 836, 839 (Tex.
1967)).  Le Clair is suing Wood for
$314.05, the alleged value of his typewriter and typewriter accessories.  This fails to satisfy the $500
amount-in-controversy requirement for district-court subject matter jurisdiction.  See
Chapa v. Spivey, 999 S.W.2d 833, 836 (Tex. App.—Tyler 1999, no pet.) (in
inmate suit for property damage of $262.50, court held that district court
jurisdiction begins at $500, as a 1985 amendment to the Texas Constitution,
art. 5, § 8 and recodification of Texas Government Code § 24.007 did not change
minimum jurisdictional amount).

          Because
the amount sought by Le Clair was less than $500, the trial court did not have
jurisdiction to decide the case.  See id. 
The trial court should have dismissed Le Clair’s suit for want of
jurisdiction without addressing whether his claim was frivolous under Chapter
14.  Wilkerson
v. T.D.C.J.-I.D., 2004 WL 3021261 at *2 (Tex.
App.—Tyler Dec.
30, 2004, no pet.) (holding that trial court lacked jurisdiction of inmate suit
that sought $30.92 for property damage).

Conclusion

          Our
jurisdiction of the merits of an appeal extends no further than that of the
trial court from which the appeal is taken. 
Ward v. Malone, 115 S.W.3d
267, 269 (Tex. App.—Corpus Christi 2003, pet. denied); Dallas County Appraisal Dist. v. Funds Recovery, Inc., 887 S.W.2d
465, 468 (Tex. App.—Dallas 1994, writ denied). 
Because the trial court lacked subject matter jurisdiction, we do not
address the merits of Le Clair’s issues in this appeal  Wilkerson,
2004 WL 3021261 at *2.  Instead, we
vacate the trial court’s dismissal order and dismiss the case for want of
jurisdiction.  Id.; Tex.
R. App. P. 43.2(e).

            We
note that Le Clair owes fees in this case. 
Because he proceeded in forma
pauperis in the trial court, our attempt to collect fees would essentially
be a waste of our resources.  Absent a
specific exemption, the Clerk of the Court must collect filing fees at the time
a document is presented for filing.  Tex. R. App. P. 12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees (July 21, 1998); see also Tex. R. App. P. 5; 10th
Tex. App. (Waco)
Loc. R. 6; Tex. Gov’t Code Ann.
§§ 51.207(b), 51.901 (Vernon
Supp. 2004-2005).  Under these
circumstances, we suspend the rule and order the Clerk to write off all unpaid
filing fees in this case.  Tex. R. App. P. 2.

 

 

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Vacated and
dismissed

Opinion
delivered and filed June 1, 2005

[CV06]